*126 The opinion of the Court was delivered by
Mr. Justice Nott.
j kave gjwayS considered it a settled rule of that where the vender of personal property continues in possession after the sale, as visible owner, the sale is to be considered fraudulent and void against creditors; and so it has always been held, since Twyne’s case. (3 Co. 80.) In the case of Edwards and Harbin, (2 Durnford and East, 555,) Judge Butter says, that all the Judges of England Were unanimously of opinion, that unless possession accompanies and follows the deed, it is fraudulent and void; and that as long ago as the case of Stone vs. Grubbam, (2 Bulst. 218,) an absolute conveyance or gift of a lease, for years unattended with possession, was fraudulent. And in the same case, Sir E. JVorthey is reported to have said, it had been ruled forty times in his experience at Guildhall, that if a man sells goods, and continues in possession as visible owner of them, such sale is fraudulent and void as to creditors ; and that the law had always been so held. Paying a valuable consideration does not alter the case. The fraud consists in exhibiting the party to the world as a man of substance, by permitting him to keep property in his possession which is not his own, and obtaining credit by these false appearances.
It is, however, contended that he had land of sufficient value to satisfy ail his creditors, which was levied on at the same time. But the plaintiff *127 said he had bought the land also. And although that declaration would not have been evidence on which the party could have been divested of his property, yet it was enough to authorize the creditor to enforce his claim agáinst the personal property. It did not lie in the plaintiff’s mouth to say that he had not told the truth; and this was the testimony of his own witness. The circumstance of his having sold his land, negroes, horses, and cattle, &c. all at one stroke, and to the same person, was also a badge of actual fraud, proper for the consideration of the Jury. Motion for a new trial refused.
Colcock, Johnson, and Cheves,- J. concurred.